LUELLA ISOM, APPELLEE, V. JESSIE J. ISOM, APPELLANT.

126 N. W. 2d 198

Filed January 31, 1964.  No. 35565.

Paul I. Manhart, for appellant.

Emmet L. Murphy and Raymond E. Gaines, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an appeal from an order sustaining a motion for a new trial in a divorce action.

Plaintiff and appellee, Luella Isom, hereinafter referred to as appellee, on May 1, 1962, filed a petition for an absolute divorce and for custody of four minor children, the youngest of whom at time of trial was about 1 year of age.  Defendant and appellant, hereinafter referred to as appellant, filed an answer and a cross-petition.  The case was heard on January 24, 1963.  Appellee was unable to produce her witnesses at that time for reasons that are immaterial herein.  Undoubtedly upon a proper showing, a continuance could have been secured.  For some reason not apparent in the record,

her counsel saw fit to let the divorce action proceed to trial on the appellant's cross-petition, and the evidence of appellant and his sister was adduced in support thereof. The appellee did not testify.

On February 1, 1963, the trial court signed and filed a decree granting a divorce to the appellant on the cross-petition and awarding him the custody and control of the children, the real estate of the parties, and all the personal property, except appellee's personal possessions. On the same day the decree was filed, February 1, 1963, appellee, by counsel who had not been previously employed by her, filed a motion for a new trial specifying four of the grounds enumerated in section 25-1142, R. R. S. 1943, and supported by affidavit.

On May 17, 1963, appellant filed a showing in resistance to the motion for a new trial. The motion for new trial was heard on May 24, 1963, and was sustained on that date. Appellant has perfected his appeal to this court.

Appellant sets out five assignments of error, all of which may be summed up in the allegation that the trial court abused its discretion in sustaining the motion for a new trial.

Appellant premised much of his argument on the theory that this proceeding is governed by the provisions of section 42-340, R. R. S. 1943, which provides as follows: "A decree of divorce shall not become final or operative until six months after trial and decision, except for the purpose of review by appeal, and for such purpose only the decree shall be treated as a final order as soon as rendered; Provided, if appeal shall have been instituted within one month, such decree shall not become final until such proceedings are finally determined. If no such proceedings have been instituted, the district court may, at any time within said six months, vacate or modify its decree, but if such decree shall not have been vacated or modified, unless proceedings are then pending with that end in view, the original decree shall

at the expiration of six months become final without any further action of the court."

This procedure is the applicable one if no appeal is to be taken. we said in Firebaugh v. Firebaugh, 163 Neb. 79, 77 N. W. 2d 891: "The district court may at any time within 6 months of the trial and decision of a divorce case, if no appeal is taken therefrom, vacate or modify the decree therein.

"The right to vacate or modify a decree of divorce within 6 months of the trial and decision of the cause is not absolute but must be exercised within a sound discretion."

Section 25-1143, R. R. S. 1943, provides that a motion for a new trial must be filed within 10 days after the judgment or decree. The motion herein was filed the same day the decree was entered. As already noted, four of the eight grounds enumerated in the statute for the granting of a new trial were assigned to obtain the relief requested. It is apparent that the appellee was proceeding so that an appeal could be perfected to test the sufficiency of the evidence to support the decree rendered.

In the original hearing, appellant was permitted, without objection, to inject issues not apparent from the cross-petition. That, however, is immaterial, for the evidence adduced by the appellant on the cross-petition is clearly insufficient to justify the decree entered.

Section 42-335, R. R. S. 1943, provides: "No decree of divorce and of the nullity of a marriage shall be made solely on the declaration, confessions or admissions of the parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose."

The decree of divorce herein could only be sustained if the uncorroborated testimony of the appellant as to alleged admissions of the appellee were sustained by other sufficient evidence. There is no such evidence in this record. The trial court, when the matter was prop-

erly presented to him, undoubtedly recognized the applicability of the statute, and sustained the motion for a new trial. This was the only action that could have been taken under the facts presented by this record. The failure to do so would have been an abuse of discretion. The order of the trial court sustaining the motion for a new trial is hereby affirmed.

AFFIRMED.